UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22384-BLOOM/Otazo-Reyes

VENUS CONCEPT USA INC.,

    Plaintiff,

v.

TRANSFORMING ARTS, INC., *et al.*,

    Defendants.
_____/

## ORDER MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Venus Concept USA Inc.'s ("Plaintiff") Motion for Default Final Judgment Against Defendants Transforming Arts, Inc. ("Transforming Arts") and Sherman Washington ("Washington") (collectively, "Defendants"), ECF No. [21] ("Motion"), filed on September 29, 2021. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

I. **BACKGROUND**

Plaintiff initiated this action on June 30, 2021, ECF No. [1] ("Complaint"). According to the Complaint, Plaintiff is a medical aesthetic device company in the business of developing, commercializing, and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers, such as the Defendants. *Id.* ¶ 7. On June 27, 2018, Plaintiff and Transforming Arts entered into and executed a Subscription Agreement, whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies and services (collectively, the "Goods") in consideration for Transforming Arts' promise to pay the "Aggregate

Amount" of $220,899.99 in certain monthly installments listed in the Subscription Agreement. *Id.* ¶ 8; ECF No. [1-1] ("Subscription Agreement"). Washington guaranteed the performance of Transforming Arts' obligations under the Subscription Agreement by signing and acknowledging all of the terms and conditions of the Subscription Agreement. ECF No. [1] ¶ 26; ECF No. [1-1] at 3.

Plaintiff fully performed under the Subscription Agreement by providing Defendants with the Goods, to which Defendants received and accepted. ECF No. [1] ¶ 9. Defendants, however, defaulted under and materially breached the Subscription Agreement and Guaranty by failing and refusing to pay the remaining amounts due and owing to Plaintiff pursuant to same since February 7, 2020. *Id.* ¶ 10. Upon the happening of a Default, the Subscription Agreement allows for and provides Plaintiff with the right to immediately terminate the Subscription Agreement and to accelerate any and all payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default** – In the event of any Default, Venus Concept may take any one of the following actions (separately or cumulatively): (i) terminate this Agreement with immediate effect and in such case the provisions of Section 15 below shall apply; (ii) without notice to the Customer or resort to legal process, remotely disconnect or otherwise disable the operation of the System; and/or (iii) cease providing the Customer with the Services (including the Limited Warranty for the System). (iv) obtain credit bureaus reports and /or any other searches or enquiries to determine credit worthiness.
>
> **15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:
>
> The Customer shall pay forthwith (without notice) to Venus Concept as liquidated damages, and not as a penalty, an amount (the "Liquidated Damages") equal to the aggregate of:
>
> (i) Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default, and
>
>     (ii) The unpaid value of:

>> (A) Any remaining Monthly Installment payable from the date of Default, and
>> (B) Amounts otherwise payable under the Agreement, and
>
> (iii) Any Enforcement Costs (as defined below) incurred by Venus Concept, and
>
> (iv) Interest thereon (as defined below) from the date of the Default until payment in full.
>
> . . .
>
> **16. Interest on Overdue Payments –** The Customer shall, without notice, pay interest at the rate of the lower of (i) eighteen percent (18%) per annum; or (ii) the highest interest rate permitted under applicable law, calculated and compounded monthly (the "Interest"), on any payments which have become due pursuant to this Agreement and have not been paid on their due dates, from the date any such amount becomes due or interest bearing, before and after maturity, default and judgment until such arrears or other amounts are paid in full.

ECF No. [1-1] at 6, §§ 14-16; *see also* ECF No. [1] ¶ 12.

In connection with the above-quoted language, and because Defendants defaulted by failing to pay all amounts due by their respective due dates or any time thereafter, Plaintiff delivered a Notice of Termination dated June 18, 2021 to Defendants, terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the Subscription Agreement. ECF No. [1] ¶ 13; ECF No. [1-2]. As of June 18, 2021, Defendants owe Plaintiff $206,347.13, consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since February 7, 2020.

On July 8, 2021, service of the summonses and Complaint was executed on Defendants, setting a response deadline of July 29, 2021. ECF No. [8]. Upon Defendants' failure to answer or otherwise respond to the Complaint, Plaintiff moved for an entry of Clerk's Default against

Defendants, which the Clerk entered on August 17, 2021, ECF No. [15]. To date, Defendants have failed to file or serve any response as required by law to Plaintiff's Complaint.

In the Motion, Plaintiff is seeking default final judgment against Defendants on its claims for: (1) breach of contract; (2) breach of guaranty; (3) unjust enrichment; (4) open account; and (5) account stated.

## II. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (i) complete diversity of citizenship exists between Plaintiff and Defendants and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. [1] ¶¶ 1-6. Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida and is a citizen of both Delaware and Florida. *Id.* ¶ 4. Defendant Transforming Arts is a revoked Nevada corporation and is a citizen of Nevada. *Id.* ¶ 5. Defendant Washington is a citizen of Nevada and is not a minor or incompetent person, nor in the military service of the United States. *Id.* ¶ 6; *see also* ECF No. [21-1].

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir.

1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006) (default judgment is within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Additionally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citation omitted). Damages may be awarded without an evidentiary hearing if the record adequately reflects the basis for award via "'a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also SEC v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005). In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'" *Holtz v. Bagel Mkt., Inc.*, No. 12-62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph Coors*, 777 F.2d at 1543-44).

## IV. DISCUSSION

### a. Count I – Breach of Contract

Plaintiff's Complaint sufficiently alleges facts which demonstrate a claim for breach of contract against both Defendants. To assert a claim for breach of contract, Plaintiff must show "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006); *see also Greaney v. Lake Austin Properties I, Ltd.*, No. 6:11-cv-1984-ORL-22KRS, 2012 WL 13103149, *2 (M.D. Fla. Aug. 6, 2012). Plaintiff "must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." *Rollins*, 951 So. 2d at 876.

Here, the undisputed facts indicate that Plaintiff and Transforming Arts entered into the Subscription Agreement, whereby Plaintiff promised to deliver certain medical aesthetic devices,

supplies, and services in consideration for Transforming Arts' promise to pay the Aggregate Amount of Two Hundred Twenty Thousand Eight Hundred Ninety-Nine and 99/100 Dollars ($220,899.99). ECF No. [1] ¶ 8. Defendants' failure to make the requisite payments due and owing constitutes an event of "Default" under the Subscription Agreement. *Id.* ¶ 13; *see also* ECF No. [1-1] at 5, § 13.a. ("Each of the following is a material default by [the Defendants]: The [Defendants] fail[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

Pursuant to the terms of the Subscription Agreement, both Defendants owe Plaintiff an aggregate amount of One Hundred Fifty-Five Thousand Four Hundred Seven and 94/100 ($155,407.94) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen percent (18%) per annum, compounded monthly which has accrued since February 7, 2020. ECF No. [1] ¶ 10; ECF No. [21-2].

As such, this Court finds that the evidence and the well-pleaded allegations in the Complaint support a claim for breach of contract against Defendants, and Plaintiff is entitled to Final Default Judgment on Count I of its Complaint.

   b. **Count II – Breach of Guaranty**

Plaintiff's Complaint sufficiently alleges facts which demonstrate a claim for breach of guaranty against Washington. "A guaranty is a collateral promise to answer for the debt or obligation of another." *Kahama VI, LLC v. HJC LLC*, No. 8:11-cv-2029-T-30TBM, 2013 WL 1760254, at *3 (M.D. Fla. Apr. 24, 2013) (quoting *Fed. Deposit Ins. Corp. v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985). "In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay." *Id.* (quoting *Bank First v. Guillem*, No. 6:09-cv-152-Orl-31KRS, 2009 WL 1930190, at *5 (M.D. Fla. June 30, 2009).

Additionally, under Florida law "where [a] guaranty is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors." *PNC Bank, N.A. v. Monument Ctr., LLC*, No. 6:15-cv-859-Orl-40DAB, 2016 WL 4435698, at *5 (M.D. Fla. July 27, 2016), *report and recommendation adopted*, No. 6:15-cv-859-Orl-40DAB, 2016 WL 4382628 (M.D. Fla. Aug. 17, 2016) (citing *Mullins v. Sunshine State Service Corp.*, 540 So. 2d 222, 223 (Fla. 5th DCA 1989)). Thus, although Plaintiff has pursued this litigation against both Transforming Arts and Washington, the Guaranty is and remains enforceable against Washington without the need for Plaintiff to make any additional efforts to collect the obligations from Transforming Arts.

Here, the undisputed facts demonstrate that Plaintiff and Washington executed and entered into the Guaranty, wherein Washington unconditionally guaranteed the obligations of Transforming Arts. *See* ECF No. [1] ¶ 26; ECF No. [1-1]. The language of the Guaranty is clear and unambiguous, providing, in part, as follows:

> The undersigned unconditionally personal guarantees to Venus Concept that he/she will make all payments and meet all obligations required under this Agreement. The undersigned especially consents to the jurisdiction of the court set out in the Terms and Conditions of this agreement.

ECF No. [1-1] at 3. Although the Guaranty was included within the Subscription Agreement, which was signed by Washington on behalf of Transforming Arts, Washington also "acknowledge[d] having read the entire Agreement and accept[ed] the Terms and Conditions"— namely, to guarantee that he "will make all payments and meet all obligations required under [the] Agreement." *Id.* As such, Plaintiff has plausibly alleged Washington's intent to set out and execute the Guaranty by signing the Subscription Agreement. Furthermore, the undisputed facts in Plaintiff's Complaint establish that Washington breached the terms of the Guaranty by failing to

perform his obligations thereunder after Transforming Arts defaulted on the terms of the Subscription Agreement. ECF No. [1] ¶ 21. Therefore, the Court finds that the evidence and the well-pleaded allegations in the Complaint state a claim for breach of guaranty against Washington, and Plaintiff is entitled to Final Default Judgment on Count II of its Complaint.

### c. Count V – Account Stated

Plaintiff has adequately established Defendants' liability for account stated against Defendants. To properly allege a cause of action for account stated, a Plaintiff must allege ultimate facts to support the parties' agreement that a certain balance is correct and due, and that there was an express or implicit promise to pay this balance. *See FDIC v. Brodie*, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992) (quoting *Merrill-Stevens Dry Dock Co. v. Corniche Express*, 400 So. 2d 1286, 1286 (Fla. 3d DCA 1981)). "A plaintiff may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of assent." *Supermedia LLC v. Pre Enterprises, LLC*, No. No. 8:10-cv-000647-T-30TGW, 2010 WL 2734411, at *3 (M.D. Fla. July 8, 2010) (citations omitted). The practice of periodic billings for certain amounts in the reasonable course of business, when no objection is made to the amount of the bill in a reasonable period of time, may give rise to such a presumption. *Id*. at *7; *see also F.D.I.C. v. Brodie*, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992).

Plaintiff's Complaint establishes that the parties entered into and executed a Subscription Agreement and Guaranty on June 27, 2018. ECF No. [1] ¶ 8; *see also* ECF No. [1-1]. Plaintiff alleges that Defendants failed to make any payments due and owing beginning on February 7, 2020. *Id.* ¶¶ 10-11. Plaintiff's Complaint and exhibits attached thereto demonstrate that Plaintiff continued to send periodic invoices. ECF No. [1] ¶ 41; *see also* ECF No. [1-3]; ECF No. [1-4]. Defendants did not object to the invoices and they remain unpaid. ECF No. [1] ¶¶ 43-44. As such,

9

this Court finds that the evidence and the well-pleaded allegations in the Complaint support a claim for account stated against Defendants, and Plaintiff is entitled to Final Default Judgment on Count V of its Complaint.

### d. Alternative Counts III and IV – Unjust Enrichment & Open Account

As a general principle, a plaintiff cannot pursue an implied contract theory, such as unjust enrichment or *quantum meruit*, if an express contract exists. *See Fulton v. Brancato*, 189 So. 3d 967, 969 (Fla. 4th DCA 2016) (stating that a plaintiff cannot pursue unjust enrichment or *quantum merit* "if an express contract exists"). Similarly, "a party should not allege an express contract in an open account claim." *Spring Air Int'l, LLC v. R.T.G. Furniture Corp.*, No. 8:10-cv-1200-T-33TGW, 2010 WL 4117627, at *6 (M.D. Fla. Oct. 19, 2010) (citation omitted). Thus, because the Court finds that default judgment on Plaintiff's breach of contract claim is warranted, the Court does not reach Plaintiff's alternative requests for judgment on its claims for unjust enrichment and open account.

### e. Damages

As stated above, "[i]f the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez v. Icon Sky Holdings LLC,* No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011). "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Under the facts in this case and in light of the evidence contained in the record, the Court finds that a hearing on damages is unnecessary.

Case No. 21-cv-22384-BLOOM/Otazo-Reyes

Pursuant to the terms of the Subscription Agreement, Plaintiff seeks to recover the total amount of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of 18% *compounded monthly* which has accrued from the date of the Default, *i.e.*, February 7, 2020, until payment in full. *See* ECF No. [1] ¶ 14. Specifically, the Subscription Agreement provides, in pertinent part:

> Venus Concept's costs and expenses incurred as a result of a Default ("Enforcement Costs") (including all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of Venus Concept's rights or remedies, sale or re-lease costs or other realization costs) shall be paid by the Customer to Venus Concept forthwith on demand, with Interest accruing thereon from the date such costs and expenses were incurred until payment in full.
>
> . . .
>
> The Customer shall, without notice, pay interest *at the rate of the lower of (i) eighteen percent (18%) per annum; or (ii) the highest interest rate permitted under applicable law, calculated and compounded monthly* (the "Interest"), on any payments which have become due pursuant to this Agreement and have not been paid on their due dates, from the date any such amount becomes due or interest bearing, before and after maturity, default and judgment until such arrears or other amounts are paid in full.

ECF No. [1-1] at 6, §§ 15-16 (emphasis added).

The Court accepts Plaintiff's representation in its Declaration of Damages, ECF No. [21-2], that the principal balance on the Subscription Agreement is $155,407.94. *See also* ECF No. [1] ¶ 10. The Court, however, disagrees that Plaintiff is entitled to interest on the past due amount at a rate of 18% per annum compounded monthly. Indeed, the highest interest rate permitted under Florida law for loans $500,000.00 or below, is 18% per annum simple interest. *See* Fla. Stat. § 687.02; *see also* Fla. Stat. § 687.03. As such, the amount of interest due and owing at a rate of 18% per annum simple interest from February 7, 2020 to November 3, 2021 is $48,742.86. Therefore, based upon the record, the Court finds that Plaintiff is entitled to default final judgment against

11

Defendants, jointly and severally, for damages in the principal amount of $155,407.94, plus interest in the amount of $48,742.86, plus post-judgment interest.

Plaintiff also seeks to recover its attorneys' fees and costs pursuant to Section 15 of the Subscription Agreement. ECF No. [1-1] at 6, § 15(iii). Plaintiff represents that the total amount of attorneys' fees in this matter is $3,312.00, ECF No. [21-3]; ECF No. [21-4], and the total costs are $821.92. ECF No. [21-5]. The Court, however, declines to award attorneys' fees and costs at this time for failure to comply with the requirements of Local Rule 7.3. *See* S.D. Fla. L.R. 7.3.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [21]**, is **GRANTED IN PART AND DENIED IN PART**.
2. Pursuant to Federal Rule of Civil Procedure 58, Final Default Judgment will be entered by separate order.
3. The Court reserves jurisdiction to assess Plaintiff's attorneys' fees and costs. **On or before December 5, 2021**, Plaintiff's counsel shall submit the affidavit(s), compliant with Local Rule 7.3(a), specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorney's fees, and taxable/non-taxable costs.
4. The Clerk is directed to **CLOSE** the case.

Case No. 21-cv-22384-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Transforming Arts Inc.
c/o Sherman Washington
6350 S. Riley St.
Building 7, Unit 209
Las Vegas, NV 89148

Sherman Washington
2900 N. Green Valley Pkwy.
Suite 114
Henderson, NV 89014